**JOSEPH VICTOR L. G. PEREZ, Plaintiff**

v.

**CENTRAL PACIFIC DEVELOPMENT & INVESTMENT CORP. and WILLIAM HSU, Defendants**

Civil No. 675-75

Superior Court of Guam

May 6, 1976

RAKER, *Judge*

DECISION

On January 21, 1974, plaintiff leased to defendant by written lease Lot 14, Block 5, Agana, for a period of 60

years, commencing January 1, 1974, for rental of $500.00 per month for the first year, the full first year rental being due and payable within 30 days of execution of the lease; $1,000.00 per month for the second through sixth year. For the remainder of the term the rental would increase by 10% every 5 years, compounded.

Defendant was obligated by the lease to pay real estate taxes and provide public liability insurance for the protection of the plaintiff.

Defendant failed to pay any rentals after January 1975, and failed to pay real estate taxes or provide liability insurance. Plaintiff served on defendants a Notice to Pay Rent for the period January 1, 1975, to March 1, 1975, and advised defendants that unless rent was paid within 5 days the plaintiff would elect to declare a forefeiture of said lease. On or or about April 21, 1975, plaintiff served defendants with a notice which recited the March 1975 notice, stated that defendants had failed to cure "defaults" listed in March 1975 notice, and failed to pay 1974 real estate taxes. Such notice advised defendants that "Lessor, pursuant to the aforesaid lease, under paragraph (6)(b) (1) and (b)(c) of said lease *hereby terminates* said lease and will retake possession within three (3) days from the date hereof." Emphasis supplied.

On July 18, 1975, plaintiff brought suit against defendants asking for:

1. Rental for period from January 1, 1975, to April 1, 1975, for the amount of $3,500.00;

2. Real Estate Taxes of $168.20;

3. The amount of $300.00 for failure to provide liability insurance;

4. Rental for the sum of $3,000.00 for rental for period from date of cancellation and retaking to date of suit;

5. For damages for breach and repudiation in the amount of $327,276.88, and

6. For costs of suit.

309

Trial was had on November 14, 1975, and the complaint was dismissed with respect to William Hsu in his individual capacity, leaving as the only defendant Central Development and Investment Corporation. It was stipulated that taxes owed to plaintiff from defendant amounted to $105.80 including 5% redemption charge. It was also stipulated that the current fair market rental for the property was $690.00 per month. The evidence showed that the property has at all pertinent times been unimproved. Relief demanded by paragraph 5 was computed by the plaintiff as being the difference between the contract rental and the fair market rental of $690.00 per month for the period of 58 years and 9 months.

Defendant admitted liability for rental of $3,500.00 which was the amount owed at the time of termination of the lease by the plaintiff but denied liability for any period thereafter demanded by paragraphs 4 and 5 above.

The issue in this case is the validity of Section 11(e) of the Lease entered into by the parties on January 21, 1974, which permits the lessor, upon the default of the lessee, to sue the lessee for the difference between the "contract rental" and the "present worth" for the balance of the term, which in this case would be approximately 58 years. The validity of this provision will depend on whether or not said Section 11(e) is a penalty and not enforceable or is valid as a provision for liquidated damages. See Sections 1670 and 1671 of the Civil Code of Guam.

The issue of rental acceleration clauses has been a difficult problem in California for many years. See 7 Hastings Law Journal 189 (1956) and 43 California Law Review 344 (1955).

In *Moore v. Investment Properties Corp.*, 71 F.2d 711 (9th Cir. 1934), the parties to a 15-year lease had provided that, upon stipulated conditions including repudiation of the lease, the lessor could terminate the lease and immedi-

ately recover from the lessee the difference between the value of the rentals provided for in the lease and the fair rental value of the property for the balance of the lease term. The lessee became bankrupt and repudiated the lease. The federal court held that, under California law, the provision for immediate recovery of damages was void.

*Moore* was decided in 1934. In 1937, the California Legislature enacted Civil Code Section 3308, the first paragraph of which provides as follows:

> 3308. The parties to any lease of real or personal property may agree therein that if such lease shall be terminated by the lessor by reason of any breach thereof by the lessee, the lessor shall thereupon be entitled to recover from the lessee the worth at the time of such termination, of the excess, if any, of the amount of rent and charges equivalent to rent reserved in the lease for the balance of the stated term or any shorter period of time over the then reasonable rental value of the premises for the same period.

■ Guam has never adopted Section 3308 of the California Civil Code, however, all other pertinent sections of the California Civil Code appear to be the same as Guam's. Therefore, it will necessarily follow that Guam must follow *Moore* and Section 11(e) of the lease is a penalty and unenforceable.

■ However, other persuasive legal principles dictate that Section 11(e) of subject lease should be treated as a penalty, rather than as a provision for liquidated damages. These principles arise from the length of the lease, to wit: 60 years, and the great difference between the rental reserved in the lease and the reasonable rental value at the time of the termination of the lease. The authorities hold that in determining whether a provision is a penalty and so invalid, or is a valid provision for liquidated damages, the court should look into the question of reasonableness of the stipulated amounts and whether such amounts are proportionate to the probable damage. See annotations in 104

311

A.L.R. 223 and 106 A.L.R. 292. A lessor can, of course, sue periodically throughout the term of the lease as the rental payments fall due, but it appears unconscionable to permit him to select a time when rentals are depressed and use such depressed rentals as the measure of damages for the term of 60 years, ignoring the inevitability that rental value would increase in the future years. The black letter rule appears in *McCormick on Damages*, 1935, page 606 as follows:

Formerly the validity of agreements was said to depend on whether the intention of the parties was to agree on liquidated damages or to fix a penalty. This gave too great decisiveness to the descriptive items used in the contract, and to-day the courts will consider the language only as evidence upon the question, Was the sum intended as a pre-estimate of the actual loss? *But the decisive question in determining the issue is this, Was the amount named reasonably proportioned to the probable loss? The courts are tending to adopt this last as the sole test.* Emphasis supplied.

It is thus suggested that California courts would deny recovery demanded in paragraph 5 of the prayer in the case at bar in spite of Section 3308 of the California Civil Code.

Judgment shall be entered for plaintiff in the amount of $3,605.80 plus costs.